# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KENDRICK LEE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV757 DDN |
| | ) | |
| SCHNUCKS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kendrick Harris for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action against Schnucks and two of its employees for "Discrimination against handicapped," "Discrimination against a Black Man," and "Profiling."  Plaintiff says that during April 2012 defendant Lisa Unknown accused him of harassing a clerk and called the police.  Plaintiff asserts that he was not arrested because he was only showing the clerk his college degree.  Plaintiff claims that on a different day defendant Jeannie Unknown harassed him because of his race and called the police to escort him out of the store.

## Discussion

Plaintiff does not state the jurisdictional basis for filing this action in federal court.  However, the nature of the allegations must fall under either 42 U.S.C. § 1981 or 42 U.S.C. § 1983 for the case to lie in this Court.

"A plaintiff establishes a prima facie case under § 1981 by showing (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts)." Daniels v. Dillard's, Inc., 373 F.3d 885, 887 (8th Cir. 2004). In this case, there are no allegations that defendants interfered with his ability to purchase items from the store or otherwise enter into a contract. Plaintiff's only stated reason for being in the store was that he wanted to show one of the clerks his college degree. As a result, the allegations in the complaint fail to state a claim under § 1981.

The allegations are not actionable under 42 U.S.C. § 1983 because defendants are not state actors. As a result, this action must be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of May, 2012.

                                                        CATHERINE D. PERRY
                                                        UNITED STATES DISTRICT JUDGE